RUSH McGAFFEY v. STATE.

No. A-5020.  Opinion Filed Oct. 17, 1925.
(239 Pac. 935.)

E. T. Barbour and Henry C. Hankins, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Plaintiff in error, defendant in the trial court, was convicted of having illegal possession of 7 pints of whisky, with his punishment fixed by the jury at confinement in the county jail for a term of 6 months and to pay a fine of $500.

There is but one assignment of error urged in plaintiff in error's brief, which is that the court erred in overruling defendant's motion to suppress evidence obtained by a search and seizure.  Upon consideration of this motion, the court ruled as follows:

"The court, being fully advised from the evidence introduced, finds that the evidence on the part of the state was obtained, not pursuant to a search warrant, but by the consent of the defendant whose premises were invaded at the time and place mentioned.  I overrule the motion to suppress evidence."

The reasons given by the court for overruling the motion are supported by the record.

From the testimony of Charles Steward:

"Q. As a matter of fact, House didn't serve the warrant on McGaffey as McGaffey informed him that he didn't need one.  A. Yes, sir.

"Q. And I believe you said that McGaffey said, 'Go ahead and search,' that he didn't want a search warrant? A. Yes, sir."

From the testimony of Henry McMullen:

"Q. Did McGaffey invite you into the house?  A. Yes, sir.

"Q. Did he ask you for a search warrant?  A. No, sir.

"Q. Did he consent to your searching the house? A. Yes, sir.

"Q. What did he say? A. He said, 'Come on in, boys, you are welcome any time; there isn't anything here.' "

From the testimony of W. M. Washington:

"Q. When you went to the defendant's home, what did you see? A. Two of us went to the back end and two to the front end. He told us to come in. He said, 'You are welcome at my house all the time.'

"Q. Did he know you were the law? A. Yes, sir.

"Q. What did he say? A. 'Help yourselves; there is nothing here.'

"Q. He gave you permission to search the place? A. Yes, sir."

Other evidence discloses that the officers had a search warrant, but that, after they were invited to enter the house and go ahead and search it, they made no effort to serve the warrant; that they tore it up and made no return thereon to the court out of which it issued.

The motion to suppress the evidence was properly overruled by the trial court.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.